UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COEN MCGARITY,

          Plaintiff,               Case No. 2:22-cv-10073
                                   District Judge Laurie J. Michelson
v.                              Magistrate Judge Anthony P. Patti

FIFTH THIRD ANK, N.A.,

          Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (ECF No. 3)

**I.**    **RECOMMENDATION**:  The Court should **GRANT** Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 3), because this Court's March 1, 2021 order dismissing Case No. 2:19-cv-10681-LJM-APP against Fifth Third Bank precludes McGarity's claims against Fifth Third Bank in this subsequent lawsuit.  Accordingly, the Court should enter an order dismissing Plaintiff's complaint against Fifth Third Bank with prejudice.

**II.**    **REPORT**

    **A.**    **Prior case (Case 2:19-cv-10681-LJM-APP)**

In February 2017, the Macomb County Sheriff's Office completed a case report regarding Coen McGarity's description that "someone has been using his personal information and acquiring unauthorized debt." (ECF No. 1-1, PageID.13-

15.)  According to McGarity, in July and August 2018, he disputed with Experian a Fifth Third Bank account and a Bank of America account.  (*Id*., PageID.7-8 ¶¶ 6-13.)

In February 2019, Plaintiff initiated an action against Experian Information Solutions, Inc. in state court.  Case No. 19-01119-M (41B District Court). Experian removed that case to this Court in March 2019.  *McGarity v. Experian Information Solutions, Inc.*, Case No. 2:19-cv-10681-LJM-APP (E.D. Mich.).  On September 12, 2019, Bank of America and Fifth Third Bank were added as Defendants by way of an amended complaint.  (ECF No. 10; *see also* ECF No. 14.)[1]  Defendants Bank of America and Experian were terminated by way of July 16, 2020 and August 12, 2020 dismissals with prejudice.  (ECF Nos. 42, 44.)

In September 2020, Fifth Third Bank notified the Court that the matter had been resolved and that "Plaintiff and Fifth Third anticipate filing a Stipulation of Dismissal with Prejudice within sixty days."  (ECF No. 45.)  However, nearly four months thereafter, on January 20, 2021, Plaintiff's counsel filed a motion for withdrawal (ECF No. 51) and Fifth Third Bank filed a motion to enforce the

---

[1] On March 30, 2020, Case 2:19-cv-10681-LJM-APP was consolidated with Case No. 2:20-cv-10404-LJM-APP (*see* ECF No. 36), which case was born of state court Case No. 20-01169M-SC (41B Judicial District).

settlement (ECF No. 52).[2]  The Court issued a notice of video conference regarding the motion for withdrawal of attorney for February 2, 2021.  (ECF No. 53.)  On February 3, 2021, the Court:  (1) granted Attorney Ian Redmond's motion to withdraw (ECF No. 55); and, (2) required McGarity "to show cause in writing, no later than **February 10, 2021**, as to why his remaining case against Fifth Third should not be dismissed with prejudice for his failure to appear at the [February 2, 2021] hearing[,]" (ECF No. 56 (emphasis in original)).  On March 1, 2021 – after McGarity had failed to appear at the hearing noticed for February 2, 2021 (*see* ECF No. 53) and after he did not file the show cause response due on February 10, 2021 (*see* ECF No. 56) – Judge Michelson entered an order dismissing Plaintiff's case against Fifth Third Bank with prejudice and closing case.  *See* Case No. 2:19-cv-10681-LJM-APP (E.D. Mich.) (ECF No. 57).  The same-day judgment reflects that the case was dismissed with prejudice.  (ECF No. 58.)[3]

B.    **Present Lawsuit (2:22-cv-10073-LJM-APP)**

On December 6, 2021, *i.e.*, approximately nine months following the dismissal of Case 2:19-cv-10681-LJM-APP, McGarity filed the instant matter

---

[2] This was not the first time this Court has had to enforce a settlement on which Mr. McGarity has attempted to renege.  *See Timmon v. Invest Inself LLC, et al.*, Case No. 2:17-cv-11035-LJM-APP (E.D. Mich.).

[3] The copies of the Court's orders regarding withdrawal and dismissal, which were mailed to Coen McGarity, were returned to the Court as undeliverable.  (ECF Nos. 59, 60.)

against Fifth Third Bank in state court.  Case No. 2021-191460-CZ (Oakland County).  McGarity claims that, "in 2019, for reasons never explained, Experian reapplied [a Fifth Third Bank] account to [his] credit report."  ECF No. 1-1, PageID.9 ¶ 8.)  According to McGarity, he "followed up with Fifth Third numerous times, but they never did anything to correct this inaccuracy."  (ECF No. 1-1, PageID.9 ¶ 9.)

Fifth Third Bank removed the case to this Court on January 12, 2022. Although this matter was originally assigned to other judicial officers, it has been reassigned to Judge Michelson and the Undersigned as a companion case to *McGarity v. Experian Information Solutions, Inc.*, Case No. 2:19-cv-10681-LJM-APP (E.D. Mich.).

### C.     Defendant's January 19, 2022 Motion to Dismiss

Judge Michelson has referred this case to me for pretrial matters.  (ECF No. 5.)  Currently before the Court is Fifth Third Bank's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 3.)  In arguing that the instant matter should be dismissed as a matter of law, Fifth Third Bank contends:

> 1.     THE DISMISSAL OF THE PREVIOUS ACTION WITH PREJUDICE IS A DECISION ON THE MERITS
>
> 2.     BOTH ACTIONS INVOLVE THE SAME PARTIES OR THEIR PRIVIES

3.     BOTH CASES INVOLVE THE SAME TRANSACTION
AND ISSUES THAT WERE ALREADY RAISED IN THE
FIRST LAWSUIT

(*Id*., PageID.24, 36-38.)  On January 31, 2022, the Court issued an order requiring

McGarity to file a response on or before March 2, 2022.  (ECF No. 6.)  On March

2, 2022, the Court entered a stipulated order, which extended the response deadline

to March 14, 2022.  (ECF No. 7.)  On March 21, 2022, the Court entered a second

stipulated order, which extended the response deadline to April 1, 2022.  (ECF No.

8.)

Four days after the extended deadline, Plaintiff filed a response.  (ECF No.

9.)  Plaintiff explains that "he wishes to voluntar[il]y dismiss this case *without*

*prejudice*."  (*Id*., PageID.131 (emphasis added).)  Plaintiff contends that defense

counsel "did not grant consent to dismissing the case without prejudice."  (*Id*.)

Plaintiff further contends he "has unsuccessfully attempted to obtain counsel to

represent him in this matter and to respond to Defendant's Motion to Dismiss in a

timely fashion and feels it would prejudice him greatly to proceed *pro se*."  (*Id*.)

**D.     Standard**

Defendant moves to dismiss the claims against it under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

(ECF No. 3.)  Under this rule,

. . . we construe the complaint in the light most favorable to the
nonmoving party, accept the well-pled factual allegations as true, and

determine whether the moving party is entitled to judgment as a matter of law. *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). We need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true. *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000). To state a valid claim, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336-337 (6th Cir. 2007).

## E.    Discussion

To determine the preclusive effect of a prior judgment rendered in federal court, federal *res judicata* principles should be applied. *See Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701, 708 (6th Cir. 2015). "Pursuant to the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted)). *Res judicata* applies if all of the following are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id*. (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

1. **Final decision on the merits by a court of competent jurisdiction**

This Court's March 1, 2021 order in the prior case dismissed McGarity's complaint against Fifth Third Bank *with prejudice*.  (ECF No. 57 [Case No. 2:19-cv-10681-LJM-APP].)  The Court did so after McGarity's failure to appear on February 2, 2021 (for the motion for withdrawal of attorney) and failure to file a show cause response by February 10, 2021.  (*Id*.)

Fifth Third Bank points to Fed. R. Civ. P. 41(b) in support of the argument that "a dismissal due to the plaintiff's failure to comply with a court order operates as an adjudication on the merits, unless otherwise specified in the order."  (ECF No. 3, PageID.36-37.)  Rule 41(b), which concerns involuntary dismissals, states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

(*Id*.)  To be clear, the Court's March 1, 2021 order did not expressly mention Fed. R. Civ. P. 41(b).  Still, "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962).

7

In the end, whether issued pursuant to Rule 41(b) or the Court's inherent power, the Court's March 1, 2021 order dismissing Plaintiff's case against Fifth Third Bank with prejudice and closing case is a final decision on the merits for *res judicata* purposes.

### 2. Subsequent action between the same parties or their privies

*Res judicata* requires "a subsequent action between the same parties or their 'privies[.]'" *Bragg*, 570 F.3d at 776. As Fifth Third Bank correctly notes, McGarity and Fifth Third Bank were parties to the prior case (Case 2:19-cv-10681-LJM-APP) and are parties in the instant case (Case 2:22-cv-10073-LJM-APP). (ECF No. 3, PageID.37.)

### 3. The third and fourth elements of *res judicata*

Here, it is clear that there is "an issue in the subsequent action which was litigated or which should have been litigated in the prior action[,]" and, that there is "an identity of the causes of action." *Bragg*, 570 F.3d at 776. "Where the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)). Likewise, "[a]n identity of the causes of action exists 'if the claims arose out of the same transaction or series of transactions, or if the claims arose out of

the same core of operative facts.'" *Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 383 (6th Cir. 2019) (quoting *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008)). Further, "an identity of causes of action exists if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action, the evidentiary component looking to whether the same underlying factual evidence could support and establish both [claims]." *Id.* at 383-384 (quotation marks and citations omitted; alteration in original).

First, the prior and instant lawsuits concern the same transaction or series of transactions. The factual allegations in the prior case included, *inter alia*, reference to: (a) an February 2017 attached Macomb County Sheriff's Office case report; (b) McGarity's July 2018 discovery that Defendant Experian inaccurately reported his negative debt to Fifth Third Bank; (c) McGarity's dispute letter to Experian; (d) Experian's August 2018 "delet[ion of] the erroneous information from his credit file[;]" (e) McGarity's January 30, 2019 discovery that the Fifth Third Bank debt "was placed back on his credit report[,]" and, (f) a June 2019 Macomb County Sheriff's Office case report supplement. (ECF No. 14, PageID.61-62 ¶¶ 13-16, 18; *id.*, PageID.64-68 [Case 2:19-cv-10681-LJM-APP].) The "general allegations" in the instant, later case have a similar time-frame and include references to: (a) McGarity's October 2017 discovery of an inaccurate Fifth Third Bank account; (b)

9

the 2018 removal of the account from Plaintiff's credit reports;[4] (c) Experian's 2019 reapplication of this account to his credit report; and, (d) a May 7, 2019 memorandum from Fifth Third Bank regarding an account assigned to Coen McGarity and ending in the numbers 479453.[5]  (ECF No. 1-1, PageID.9 ¶¶ 6-8; *id*., PageID.11, 14.)  The account ending in 9453 is also mentioned within the Confidential Settlement Agreement and Release, which, as Fifth Third Bank represents, "[t]he parties prepared . . ." in conjunction with the prior case, Case No. 2:19-cv-10681-LJM-APP (ECF No. 3-5; ECF No. 3, PageID.32, 38), although that agreement is not how the prior case came to a close; instead it was closed by the Court's March 1, 2021 order.

Second, there is identity of the causes of action.  The causes of action in the prior case were based on 15 U.S.C. §§ 1681n, 1681o, and 1681s-2, which are sections within the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681x).  (ECF No. 14, PageID.62-63 ¶¶ 26-33 [Case 2:19-cv-10681-LJM-APP]).  While the later,

---

[4] Perhaps this is a reference to the attached Experian report dated November 27, 2018, which indicates that a Fifth Third Bank account (541413583764. . .) was removed from Plaintiffs credit report.  (ECF No. 1-1, PageID.14.)

[5] In the May 7, 2019 memorandum, a Fifth Third Bank personal banker represents that an account assigned to Coen McGarity and ending in the numbers 479453 "was opened fraudulently and that Mr. McGarity's personal information was used by an unknown source without his knowledge or consent.  He has provided a police report detailing this incident."  (ECF No. 1-1, PageID.11; ECF No. 1-1, PageID.9 ¶ 7.)

instant complaint does not delineate causes of action, the complaint mentions

McGarity's request "under the Fair Credit Reporting Act" to "remove the

account[,]" and clearly challenges the accuracy of Plaintiff's credit report, alleging

that "in 2019, for reasons never explained, Experian reapplied th[e] account

[ending in #479453] to Plaintiff's credit report[,]" and that he "followed up with

Fifth Third numerous times, but they never did anything to correct this

inaccuracy." (ECF No. 1-1, PageID.9 ¶¶ 6, 8, 9.)

In sum, as Fifth Third Bank appropriately argues, "both cases involve the

same transaction and issues that were already raised in the first lawsuit[.]" (ECF

No. 37-38.) Moreover, while Plaintiff's lack of counsel may affect his ability to

argue the *legal intricacies* of *res judicata*, he made no effort to distinguish the

*factual allegations* of the two lawsuits. Compared side-by-side, it is clear and

irrefutable that the lawsuits involve the same transactions and issues.

### F.     Conclusion

For the reasons stated herein, it is recommended that the Court **GRANT**

Defendant Fifth Third Bank's motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) (ECF No. 3), because this Court's March 1, 2021 order dismissing Case

No. 2:19-cv-10681-LJM-APP against Fifth Third Bank precludes McGarity's

claims against Fifth Third Bank in this subsequent lawsuit, and enter an order

dismissing Plaintiff's complaint against Fifth Third Bank <u>with prejudice</u>. For these

same reasons, Plaintiff's countervailing request to "voluntarily dismiss his case without prejudice so he may have the opportunity to retain appropriate counsel to refile this case and handle such in an effect manner[,]" (ECF No. 9, PageID.130), should be **DENIED**.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

12

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: May 12, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE