UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COEN MCGARITY,

    Plaintiff,

v.

FIFTH THIRD BANK, NA,

    Defendant.

Case No. 22-10073
Honorable Laurie J. Michelson

**ORDER ACCEPTING REPORT AND RECOMMENDATION [10] AND GRANTING DEFENDANT'S MOTION TO DISMISS [3]**

    This is the second time Coen McGarity has sued Fifth Third Bank. In 2019, McGarity sued Experian and then filed an amended complaint adding Fifth Third Bank as a defendant. *See generally McGarity v. Experian Information Solutions, Inc.*, Case No. 19-10681 (E.D. Mich. filed Mar. 6, 2019). The Court will not recount the procedural history of that 2019 case here; the short version is that McGarity did not comply with court orders, and his claims against Fifth Third were dismissed with prejudice. Even so, in December 2021, McGarity filed another case against Fifth Third in state court, which Fifth Third then removed here. The Court referred all pretrial matters in this second case to Magistrate Judge Anthony P. Patti, who had also handled pretrial matters in the first case.

    On May 12, 2022, Magistrate Judge Patti issued a report and recommendation. (ECF No. 10.) He recommends granting Fifth Third's motion to dismiss, "because this Court's March 1, 2021 order dismissing [the 2019 case] against Fifth Third Bank

precludes McGarity's claims against Fifth Third Bank in this subsequent lawsuit." (ECF No. 10, PageID.142.)

At the conclusion of his May 12, 2022 Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 10, PageID.143.) It is now June 6, 2022, so the time to object has passed. And neither party has filed any objections.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 10.) It follows that Fifth Third's motion to dismiss (ECF No. 3) is GRANTED and this case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: June 6, 2022

                                                        s/Laurie J. Michelson
                                                        LAURIE J. MICHELSON
                                                        UNITED STATES DISTRICT JUDGE